UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)        MDL NO 2924
PRODUCTS LIABILITY        20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO:        JURY TRIAL DEMANDED
_____
CAROLYN JACKSON

## SHORT-FORM COMPLAINT

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Master Personal Injury Complaint ("MPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint as permitted by Pretrial Order No. 31.

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

       **I.**        **PARTIES, JURISDICTION, AND VENUE**

**A. PLAINTIFF(S)**

1. Plaintiff(s) <u>Carolyn Jackson</u> ("Plaintiff(s)") brings this action (check the applicable designation):

    ☒    On behalf of [*himself/herself*];

    ☐    In representative capacity as the _____, on behalf of the injured party, (Injured Party's Name) _____.

- 1 -

2. Injured Party is currently a resident and citizen of (City, State) __Greenville, Mississippi__ and claims damages as set forth below.

—OR—

Decedent died on (Month, Day, Year) _____. At the time of Decedent's death, Decedent was a resident and citizen of (City, State) _____.

If any party claims loss of consortium,

3. _____ ("Consortium Plaintiff") alleges damages for loss of consortium.

4. At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) _____ _____.

5. At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) _____.

**B. DEFENDANT(S)**

6. Plaintiff(s) name(s) the following Defendants from the Master Personal Injury Complaint in this action:

   **a. Brand Manufacturers:**

1. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BI") is a Delaware corporation with its principal place of business located at 900 Ridgebury Road, Ridgefield, Connecticut 06877. BI is a subsidiary of the German company Boehringer Ingelheim Corporation. BI owned the U.S. rights to over-the-counter ("OTC") Zantac between December 2006 and January 2017, and manufactured and distributed the drug in the United States during that period.

4. Defendant Pfizer, Inc. ("Pfizer") is a Delaware corporation with its principal place of business located at 235 East 42nd Street, New York, New York 10017. Pfizer was the original NDA holder for OTC Zantac, and controlled the NDA between August 2004 and December 2006.

5. Defendant GlaxoSmithKline, LLC ("GSK") is a Delaware corporation with its principal place of business located at 5 Crescent Drive, Philadelphia, Pennsylvania, 19112 and Five Moore Drive, Research Triangle, North Carolina, 27709. GSK was the original innovator of the Zantac drug and controlled the NDA for prescription Zantac between 1983 and 2009. By

controlling the Zantac NDA it also directly controlled the labeling for all Zantac products through 2009. And, GSK's negligence and misconduct related to Zantac as an innovator directly led to the failure to warn for other OTC versions of Zantac.

### C. JURISDICTION AND VENUE

7. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:  <u>Mississippi Northern District Court.</u>

8. Jurisdiction is proper upon diversity of citizenship.

## II. PRODUCT USE

9. The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

    ☐ By prescription

    ☒ Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) <u> January  2004 </u> to <u> December 2008 </u>.

## III. PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☐ | BRAIN CANCER | |
| ☒ | BREAST CANCER | 10/20/2008 |
| ☐ | COLORECTAL CANCER | |
| ☐ | ESOPHAGEAL/THROAT/NASAL CANCER | |
| ☐ | INTESTINAL CANCER | |
| ☐ | KIDNEY CANCER | |

| | | |
|---|---|---|
| ☐ | LIVER CANCER | |
| ☐ | LUNG CANCER | |
| ☐ | OVARIAN CANCER | |
| ☐ | PANCREATIC CANCER | |
| ☐ | PROSTATE CANCER | |
| ☐ | STOMACH CANCER | |
| ☐ | TESTICULAR CANCER | |
| ☐ | THYROID CANCER | |
| ☐ | UTERINE CANCER | |
| ☐ | OTHER CANCER: _____ | |
| ☐ | DEATH (CAUSED BY CANCER) | |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

## IV. CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| ☒ | I | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ☒ | II | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ☒ | III | STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT |
| ☒ | IV | NEGLIGENCE – FAILURE TO WARN |
| ☒ | V | NEGLIGENT PRODUCT DESIGN |
| ☒ | VI | NEGLIGENT MANUFACTURING |
| ☒ | VII | GENERAL NEGLIGENCE |
| ☒ | VIII | NEGLIGENT MISREPRESENTATION |
| ☒ | IX | BREACH OF EXPRESS WARRANTIES |

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| ☒ | X | BREACH OF IMPLIED WARRANTIES |
| ☒ | XI | VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS and specify the state's statute below:<br>_____Mississippi_____ |
| ☐ | XII | UNJUST ENRICHMENT |
| ☐ | XIII | LOSS OF CONSORTIUM |
| ☐ | XIV | SURVIVAL ACTION |
| ☐ | XV | WRONGFUL DEATH |
| ☐ | XVI | OTHER: |
| ☐ | XVII | OTHER: |

If Count XVI or Count XVII is alleged, additional facts supporting the claim(s):

## V.     JURY DEMAND

14.     Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

- 6 -

Dated: December 31, 2020,

                                           Respectfully submitted,

<u>*/s/ Christopher R. LoPalo*</u>
Christopher R. LoPalo, Esq.
NAPOLI SHKOLNIK PLLC
400 Broadhollow Rd., Suite 305
Melville, NY 11747
T: (212) 397-1000
F: (646) 927-1676
CLoPalo@NapoliLaw.com

***Attorneys for Plaintiff***